### DANIEL ZIEGLER v. WUERDEMAN CO.

1. NEGLIGENCE ON PART OF OPERATOR OF A MACHINE TO TRY TO CLEAN IT WHILE IN MOTION WHEN IT WOULD BE AT REST IN FIVE TO EIGHT MINUTES.

   When the operator of a dough mixer was directed by his foreman to dust his mixer and clean his machine while the machine was in a mix which would have been out in five to eight minutes it was negligence on his part to undertake to clean his machine while in motion, it being the uniform custom to wait until the machine was empty and at rest to do so.

2. UNGUARDED COGWHEEL NOT PROXIMATE CAUSE OF AN INJURY WHEN GUARD WOULD HAVE BEEN REMOVED TO DO THE WORK NECESSARY.

   That cogwheels were not guarded cannot be charged as the cause of an injury resulting to the operator of the machine while cleaning such cogwheels, when it would have been necessary to remove the guard, if there had been one, to do the work.

ERROR to Hamilton common pleas court.

**Charles Phares** and **Carl Phares,** for plaintiff in error:

Cited and commented upon the following authorities: *Republic Iron & Steel Co.* v. *Yanuszka,* 16 O. F. D. 000 [166 Fed. Rep. 684]; *Ziehr* v. *Paper Co.* 28 O. C. C. 342 (7 N. S. 144); *Laidlaw-Dunn-Gordon Co.* v. *Miller,* 31 O. C. C. 559 (12 N. S. 246); *Narramore* v. *Railway,* 10 O. F. D. 7 [96 Fed. Rep. 298; 37 C. C. A. 499]; *Pittsburgh & Lake Erie Ry.* v. *Blair,* 5 Circ. Dec. 366 (11 R. 579), reversed, no op., *Blair* v. *Railway,* 55 Ohio St. 689 (memorandum, 1 O. S. C. D. 549; 37 Bull. 59); *New York, C. & St. L. Ry.* v. *Woods,* 6 Circ. Dec. 350 (9 R. 322), affirmed, no op., *Railway* v. *Woods,* 58 Ohio St. 710; *Stephens* v. *Railway,* 86 Mo. 221; 1 Labatt, Mas. & Serv. 1237 Sec. 439; *Van Duzen Gas & Gas. Eng. Co.* v. *Schelies,* 61 Ohio St. 298 [55 N. E. Rep. 998].

**Robertson & Buchwalter,** for defendant in error.

**SMITH, J.**

It was not error for the trial court to instruct the jury to return a verdict for the defendant in error at the time it did in the proceedings, if when the plaintiff in error rested his case said motion should have been granted.

Hamilton County.

The plaintiff in error after stating in his petition that he was employed by the defendant in error to operate a dough mixer, alleges that it was his duty also to clean and operate this mixer; that while so employed he was peremptorily ordered by the foreman of the defendant company to clean the machine while the same was in motion and while the cogwheels of said mixer were revolving rapidly, although as set up it was the custom to clean this machine while it was at rest. He further alleges that without time or opportunity to reflect or realize the danger of obeying the order of the foreman by reason of the machine being in motion, he commenced the work of cleaning it; that in so doing his fingers were caught and crushed between the cogwheels; that said cogwheels had no guard upon them, and that in not providing such guard the defendant in error was negligent.

The evidence of the plaintiff in error discloses that he worked for the defendant in error from December 3, 1903, to June 15, 1904, upon a certain dough mixer, a period of six and one-half months, when he was hurt. His age was about twenty-seven years. At the time he was employed the machine was explained to him. He had charge of it to run it, and knew how to stop it, and cleaned it when through with the day's work. He testified that the foreman said to him on the day when he was injured "let that work go and dust your mixer and leave those bins; go and clean your machine." It was his custom after the machine was cleaned on the inside, to stand it up, tilt it and dust the outside, when it was not in motion. He says that prior to the accident he always had the machine stopped, whenever he dusted or cleaned the outside. It took from eight to fifteen minutes for the mix of dough to run through the machine, and at the time he was hurt the mix in the machine had been running about five or eight minutes. He further testifies that he had full charge of the machine after he had been in the employ of the defendant company a week, and that when he was hurt he did not stop to think that the machine should be stopped to dust it, and a witness (called in his behalf) also testified that the machine was never to be cleaned and oiled while in motion.

Under the allegations of the petition, we think the evidence offered in behalf of the plaintiff, the answer setting up the fact that the plaintiff in error was injured by reason of his own negligence, clearly shows that the motion to direct a verdict for defendant in error was well taken. He was not told by the foreman, as alleged in his petition, to dust the mixer while it was in motion, and as he had never done this before and knew that no person else had ever undertaken to clean or

Ziegler v. Wuerdeman Co.

dust the mixer while in motion, and that by waiting five or eight minutes longer for the mix to pass through the machine, he could then take the dough out, clean and dust the machine, it would seem that by his own statement he was clearly guilty of negligence on his part.

We do not think the section of the statute relating to the guarding of the cogwheels is applicable in this case, for while there was no guard upon the cogwheels, yet to have dusted them it would have been necessary to remove such guard had there been one. The proximate cause of the accident was the failure of plaintiff in error to stop the machine or allow it to come to rest before undertaking to clean or dust it.

It is apparent, therefore, that the evidence produced by the plaintiff in error upon the trial, shows that it was his own negligence that caused his injury, and therefore the court was justified in instructing a verdict for defendant in error.

The judgment will therefore be affirmed.

**Giffen** and **Swing, JJ.,** concur.